HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILLY D. FOWLER,

        Plaintiff,

   v.

U.S. BANK NATIONAL ASSOCIATION, et al, in its official and individual capacity; JUSTINE ANDERSON, in her official and individual capacity; Estate of BRAD CONN, in his official and individual capacity; and MARY PARSONS, in her official and individual capacity,

        Defendant.

_____

MARY PARSONS,

        Counterclaimant,

   v.

BILLY D. FOWLER,

        Counterdefendant.

Case No. C07-5589RBL

ORDER

THIS MATTER is before the Court on Defendants U.S. Bank National Association, Justine Anderson and Minda Malson's Motion to Dismiss [Dkt. #9], Defendant Brad Conn's Motion for Summary Judgment [Dkt. #19], and Defendant Mary Parsons' Motion for Summary Judgment [Dkt. #22]. Also pending before the Court are Plaintiff's Motion to Remand [Dkt. #12], Motion to Strike Defendants U.S. Bank, et. al.'s Motion to Dismiss [Dkt. #27] and Motion to Strike Defendant Conn's and Parsons' Motions

ORDER
Page - 1

for Summary Judgment [Dkt. #32]. Having considered the entirety of the records and file herein, the Court rules as follows:

Plaintiff initially filed this Complaint in Clark County Superior Court on September 20, 2007. On October 24, 2007 the defendants removed the matter to this Court. The pro se complaint alleges that the defendants violated plaintiff's rights under article 1, section 7 of the Washington Constitution and the Fourth and Fourteenth Amendments to the United States Constitution when Vancouver City Detective Mary Parsons and Clark-Skamania Drug Task Force Financial Investigator Brad Conn authored affidavits which resulted in two orders issued to U.S. Bank for plaintiff's financial records. The orders were issued pursuant to RCW 10.27.14 by the Honorable John Nichols, Clark County Special Inquiry Judge. Defendant U.S. Bank produced the records in response to the first order at some time prior to March 13, 2003. The second order was issued May 21, 2003 directing U.S. Bank to produce the requested records by June 27, 2003. The record does not reflect if that order was complied with.

On October 7, 2004 plaintiff was charged by way of a Fourth Amended Information with various drug counts and six counts of money laundering. None of the money laundering charges involved his accounts at U.S. Bank. On October 8, 2004 plaintiff was convicted of three charges relating to the possession and distribution of methamphetamine, and one count of money laundering. The jury could not reach verdicts on the remaining money laundering counts.

## I. LEGAL STANDARDS

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d at 1300. However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988). If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston*, 717 F.2d at 1300. If the claim is not

1 based on a proper legal theory, the claim should be dismissed. *Id*. If the Court considers matters outside
2 of the pleadings, the motion to dismiss will be treated as a motion for summary judgment. Fed. R. Civ. P.
3 12(b)(6).

4 Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

## II. DISCUSSION

### A.   Defendant Mary Parsons' Motion for Summary Judgment.

Defendant Mary Parsons seeks summary judgment because (1) the law does not support claims for money damages under the Washington Constitution, (2) plaintiff alleges state law theories of tort and failed to file a claim for damages as required under RCW 4.96, and (3) neither the Fourth nor Fourteenth Amendments to the United States Constitution are violated when an individual's bank records are obtained.

Washington courts have "consistently rejected invitations to establish a cause of action for damages based upon constitutional violations 'without the aid of augmentative legislation.'" *Blinka v. Wash. St. Bar. Ass'n*, 109 Wn. App. 575, 591 (2001), *quoting Sys. Amusement, Inc. v. State*, 7 Wn. App. 516, 517 (1972). "Plaintiffs assert the County violated their right of privacy under article 1, section 7 of the Washington Constitution and, as such, they should be allowed to bring a civil action for damages against the County. Plaintiffs concede no such action under the state constitution is currently recognized, but ask us to use this case to create one . . . . We decline [the] request[ ]." *Reid v. Pierce County*, 136 Wn.2d

195, 213 (1998) (footnotes omitted). Thus, there is no such cause of action for violation of article 1, section 7 of the Washington Constitution recognized under state law. To the extent plaintiff seeks money damages for the search of his U.S. Bank records under the Washington Constitution, his claim must be dismissed.

If plaintiff is asserting claims against the City of Vancouver under state law theories of tort, he must abide by the claims filing procedures contained in RCW 4.96. The pre-claim notice requirement contained in RCW 4.96.020 must be strictly followed, and the failure to do so results in dismissal. *Medina v. Pub. Util. Dist. No. 2,* 137 Wn.2d 303 (2002); *Pirtle v. Spokane Public School Dist. No. 81*, 83 Wn. App. 304 (1996). Plaintiff did not file a claim with Tim Haldeman the City's Risk Manager and person appointed to receive all claims. Therefore, any state law tort which plaintiff purports to assert against the City must be dismissed.

Finally, any claims plaintiff purports to assert under the Fourth and Fourteenth Amendment to the United States Constitution must be brought under 42 U.S.C. §1983. One of the elements plaintiff must prove in order to prevail under 42 U.S.C. §1983 is the violation of a constitutional right. The United States Supreme Court has held that an individual has "no expectation of privacy" in their bank records that implicates the Fourth Amendment. *United States v. Miller*, 425 U.S. 435, 442 (1976). Thus, plaintiff has no claim that a judicially ordered subpoena which directed U.S. Bank to produce his records violated any federal constitutional right. This claim must be dismissed.

**B.    U.S. Bank, et al.'s Motion to Dismiss.**

In addition to the reasons previously stated, any claims against U.S. Bank, Justine Anderson, or Minda Malson must also be dismissed because these defendants are not state actors for purposes of the state or federal constitution. *City of Pasco v. Shaw*, 127 Wn. App. 417 (2005); *Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003).

**C.    Defendant Conn's Motion for Summary Judgment.**

In addition to the reasons previously stated, any claims against defendant Brad Conn must also be dismissed because he passed away over two years prior to the filing of this lawsuit. "A person who dies prior to filing suit is not a legal entity." *Adelsberger v. United States*, 58 Fed. Ct. 616, 618 (2003). Plaintiff did not file a claim against defendant's estate "within twenty-four months after the decedent's date

of death," RCW 11.40.051(1)(c), thus further barring this action. Furthermore, substitution of Conn's governmental employer under Fed. R. Civ. P. 25 is not proper because this action was commenced after Mr. Conn's death. *See Chorney v. Callahan*, 135 F. Supp. 35, 36 (D. Mass. 1955).

### III. CONCLUSION

Defendants U.S. Bank National Association, Justine Anderson and Minda Malson's Motion to Dismiss [Dkt. #9] is **GRANTED**. Defendant Brad Conn's Motion for Summary Judgment [Dkt. #19] is **GRANTED**. Defendant Mary Parsons' Motion for Summary Judgment [Dkt. #22] is **GRANTED**. The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(c)(3) over Parsons' counterclaim [Dkt. #5]. The counterclaim for malicious prosecution in **REMANDED** to Clark County Superior Court. Plaintiff's Motion to Remand [Dkt. #12] insofar as it seeks remand of the entire cause of action is **DENIED**. Plaintiff's Motions to Strike [Dkt. #'s 27 and 32] are **DENIED**. This case is **DISMISSED** with prejudice [except as to defendant Parsons' counterclaim].

**IT IS SO ORDERED.**

Dated this 20th day of December, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE